## COHEN v. YETTER.

(Supreme Court, Appellate Division, First Department. November 23, 1900.)

DISCOVERY—EXAMINATION OF PLAINTIFF BEFORE TRIAL.

Where plaintiff, injured while working at a machine, claims that the injuries were caused by reason of the intermittent character of the electric current operating the machine, and the machine was not owned by or under the control of the defendant, he merely supplying the motive power, and suggesting that the injury was attributable to the fault of the employer in failing to furnish the necessary and proper appliances for protection of his employés, defendant is entitled to an examination of plaintiff before trial with respect to the machine, and its condition and mode of operation, as well as to plaintiff's physical condition, but not as to the facts which plaintiff must prove to show freedom from contributory negli-

gence, or facts which must be within defendant's knowledge, relating to the negligence asserted by plaintiff to be the cause of the accident.

Appeal from special term, New York county.

Action by Andrew Cohen against Andrew B. Yetter. From an order denying plaintiff's motion to vacate an order for his examination as a party before trial, he appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Alfred D. Lind, for appellant.

Frederick E. Anderson, for respondent.

PATTERSON, J.   The motion to vacate the order for the examination of the plaintiff in this action was properly denied; but, upon an examination of the pleadings and of the affidavit upon which the order of examination was granted, we are of the opinion that the terms of that order are too broad, for they permit of a general examination of the plaintiff upon all matters connected with the issues in the action.   It may be important that the plaintiff should submit to a physical examination, but there is no necessity for now examining him as a witness concerning those facts which it is necessary for him to establish on the trial to show his freedom from contributory negligence, or as to those which must be within the knowledge of the defendant himself, relating to the alleged negligence which the plaintiff asserts was the cause of the accident.   It is quite proper, however, that the defendant be permitted to examine the plaintiff now as to the condition of the machine at which he was working when he was injured.   The plaintiff's claim is that his injuries were caused by reason of the intermittent character of the current of electricity by which the machine at which he was working was operated.   That machine did not belong to, and was not under the control of, the defendant, although he supplied the motive power for its operation.   The defendant's suggestion is that the injuries are to be attributed to the fault of the plaintiff's employers, in that they failed to furnish the necessary and proper appliances for the safety and protection of their employés.   The defendant is entitled to the examination of the plaintiff respecting the machine, its condition, and the way in which it was operated.   We therefore think that the order for examination should be modified by permitting a physical examination, and also the examination of the plaintiff as a witness before trial upon the matter above indicated.

The order appealed from should be modified as above suggested, without costs to either party on this appeal.   All concur.